**UNITED STATES of America, Plaintiff,**

v.

**John Asberry MARTIN, Defendant.**

No. CR-1-88-06-02.

United States District Court,
S.D. Ohio, W.D.

July 19, 1988.

Robert A. Behlen, Jr., Asst. U.S. Atty., Cleveland, Ohio, for plaintiff.

Thomas Koustmer, Cincinnati, Ohio, for defendant.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon defendant's additional factual basis for the Motion to Suppress Statements (doc. no. 30), the Government's response thereto (doc. no. 32) and a hearing held June 27, 1988 pursuant to which the Court hereby submits its findings.

### Findings of Fact

Defendant Martin, who was in Atlanta, Georgia, was contacted by the Federal Bureau of Investigation who requested that he come to Cincinnati and be interviewed. He agreed to come to the Cincinnati offices of the Bureau and after driving all night, arrived at the Cincinnati office on August

19, 1987. He was escorted from the lobby area into one of the private offices used for interrogation. Agent Francis Gramlich and another agent of the F.B.I. were in the room at all times pursuant to F.B.I. policy. No weapons were displayed nor seen by defendant during the interrogation.

Defendant was told at the beginning of the questioning that he was free to leave at any time. He was never told he was under arrest and was never advised of his *Miranda* rights. The questioning began at 9:00 A.M. Defendant was always in the presence of an F.B.I. agent, even on breaks in the interview, and could not have left the offices without their approval.

The interviews were interrupted at 1:00 P.M. for a lunch break. Defendant Martin went to lunch by himself and returned to the F.B.I. offices voluntarily to continue the interview.

At one point in the afternoon, defendant asked the agents if he should obtain an attorney. The agents informed him that it was his decision whether to do so and they would interrupt the interview to give him a chance to obtain one if he so wished. Once again, he voluntarily continued the interviewing process. The interview continued until 6:00 P.M. that evening. The agents suggested completing it on another day, but defendant expressed his desire to complete the interview so that he could return home that night.

At the conclusion of the interview, Agent Gramlich served defendant with a subpoena dated June 24, 1987 which had been in his possession during the entire day. As the interview covered much of the material requested in the subpoena, it effectively required defendant, at this point, to supply fingerprints, handwriting exemplars and photographs and to produce some additional records, which he arranged to do prior to his departure. He was then fingerprinted and photographed, but was not arrested. Defendant then drove to Atlanta that night.

### Conclusions of Law

The issue before this Court is whether defendant should have been advised of his constitutional rights as set out by the United States Supreme Court in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), prior to being interrogated by F.B.I. agents on August 19, 1987.

Only if they were seized are defendants vested with any right to constitutional safeguards. *United States v. Mendenhall*, 446 U.S. 544, 553, 100 S.Ct. 1870, 1876, 64 L.Ed. 2d 497 (1980). The Court in *Mendenhall* also concluded that a person has been seized within the meaning of the fourth amendment "only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Id.* at 554, 100 S.Ct. at 1877. The Court further noted that the subjective intention of the federal agent is irrelevant except insofar as that may have been conveyed to the person being interrogated. *Id.* at 555 n. 6, 100 S.Ct. at 1877 n. 6.

In *United States v. Knox*, 839 F.2d 285 (6th Cir.1988), the United States Court of Appeals for the Sixth Circuit rejected as the sole criterion for the attachment of *Miranda* rights reliance on the concept of "an inherently coercive environment." *Id.* at 293. The test is an objective one: would a reasonable person in the defendant's position have felt that he was under arrest or was otherwise deprived of his freedom of action in any significant way. *Knox* at 291, *quoting from Miranda*, 384 U.S. at 477, 86 S.Ct. at 1629.

The Court finds that under the circumstances of this case, the F.B.I. agents were not required to advise defendant of his *Miranda* rights prior to his interrogation. Based upon all of the evidence and particularly defendant's testimony, the Court believes that a reasonable person in defendant's position would have felt that he was free to leave. Defendant Martin was informed by Agent Gramlich at the beginning of the interview that he was free to leave at any time. Defendant went to lunch alone and returned voluntarily to the offices. The agents offered to stop the interview several times but defendant wished to continue. Defendant Martin was never told that he was under arrest.

Defendant argues that since a subpoena had been obtained prior to the interview, defendant Martin should have been Mirandized. Defendant, however, was not served with nor was he aware of the subpoena until the conclusion of his interview. After being made aware of it, he voluntarily agreed to be fingerprinted, photographed and to submit handwriting exemplars. As noted in *Mendenhall,* any subjective intention of the F.B.I. is irrelevant in our determination unless defendant would have known of their intention to serve the subpoena upon him. There is no such evidence.

The Court further believes that characterizing every questioning by the F.B.I. agents as an arrest would impose wholly unrealistic restrictions upon a wide variety of legitimate law enforcement practices. As noted in *Mendenhall,* "without such investigation, those who were innocent might be falsely accused, those who were guilty might wholly escape prosecution, and many crimes would go unsolved." 446 U.S. at 554, 100 S.Ct. at 1877.

In conclusion, the Court finds no violation of defendant's constitutional rights which would require suppression of statements in this case. Therefore, defendant's Motion to Suppress is hereby DENIED.

IT IS SO ORDERED.